UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RICKEY L. MCGEE
TDCJ NO. 2173658,                    §
                                     §
          *Petitioner*,              §
                                     §
v.                                   §     No. 3:20-CV-01415-X-BN
                                     §
DIRECTOR, TDCJ-CID,                  §
                                     §
          *Respondent*.              §


**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND <u>RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Rickey L. McGee, a Texas prisoner, was convicted by a jury in Dallas County on two counts of aggravated robbery with a deadly weapon, enhanced with two prior felony convictions.   He has filed this application for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The United States Magistrate Judge made findings, conclusions, and a recommendation.   [Doc. No. 40.]   Specifically, the magistrate judge recommends: (1) denying the petitioner's motion to amend [Doc. No. 31], (2) denying the petitioner's motion to compel [Doc. No. 33], (3) denying the petitioner's motion for bail [Doc. No. 39], and (4) denying the petitioner's application for a writ of habeas corpus [Doc. No. 1] on the bases of procedural default and the state habeas court's reasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).

The petitioner filed objections.   [Doc. No. 43.]   He objects to the magistrate

1

judge's findings as to his ineffective assistance of counsel claims—first, his counsel's alleged failure to interview witness Curtis Brown.[1]   But, as the magistrate judge noted, the petitioner has fundamentally altered this claim between state court and this court, and he didn't raise it in his direct appeal in state court anyway, thereby failing to satisfy the exhaustion requirements of 28 U.S.C. § 2254.[2]   This claim is procedurally defaulted, and the magistrate judge correctly recommends denying it.

The petitioner objects to the magistrate judge's findings as to petitioner's counsel's alleged failure to obtain exculpatory phone calls.[3]   The magistrate judge found that the petitioner failed to raise this claim in his habeas applications and his petitions for discretionary review.   The petitioner objects on the ground that he raised this claim in a subsequent writ—but, as the magistrate judge noted, that application was dismissed as an abuse of the writ by the Texas Court of Criminal Appeals.[4]   And the Texas abuse-of-the-writ doctrine serves as an independent and adequate state ground for application of the procedural default doctrine.[5]   So the magistrate judge correctly concluded that this claim is procedurally defaulted.

The petitioner objects to the magistrate judge's findings as to petitioner's counsel's alleged failure to present critical evidence.   Petitioner argues that this

---

[1] Doc. No. 43 at 1.

[2] Doc. No. 40 at 12–13.

[3] Doc. No. 43 at 1.

[4] Doc. No. 40 at 1–2, 14–15.

[5] *See Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997).

claim is not procedurally defaulted because he presented it in a subsequent writ to the Texas Court of Criminal Appeals.   But that is the same writ that was dismissed by the Texas Court of Criminal Appeals, as discussed above.   So the magistrate judge correctly concluded that this claim is procedurally defaulted.   For the same reasons, the petitioner's objections fail as to the magistrate judge's findings on petitioner's claims related to his counsel's alleged failure to object to illegally seized evidence and alleged failure to object to prosecutorial misconduct.[6]

The petitioner also objects to the magistrate judge's conclusions on petitioner's properly exhausted ineffective assistance of counsel claims: failure to obtain exculpatory police reports, failure to challenge the out-of-court and in-court identifications of petitioner as the robber, failure to challenge improper jury instructions, failure to be properly prepared for trial, and failure to object to bolstering.

The magistrate judge concluded that the state court's application of *Strickland* to petitioner's ineffective assistance of counsel exculpatory-police-report claim was not unreasonable.[7]   Although the police reports contained a relatively vague description of the suspect robber, the magistrate judge notes that the petitioner was

---

[6] Doc. No. 43 at 1–2.   The petitioner also argues that his subsequent writ filed with the Texas Court of Criminal Appeals on June 8, 2020, was proper under Texas Code of Criminal Procedure 11:07 § 4(a).   The Texas Court of Criminal Appeals did not think so, because it dismissed pursuant to the abuse-of-the-writ doctrine.

[7] Doc. No. 40 at 21–22.

3

identified as the robber at trial and in photo line-ups.[8]   And petitioner's objections with regard to the color of the firearm do approach "inanity."[9]   The magistrate judge thus correctly found that the state court reasonably applied *Strickland* to this claim.

The magistrate judge likewise concluded that the state court's application of *Strickland* was not unreasonable as to petitioner's ineffective assistance of counsel identification-of-petitioner-as-the-robber claim.   Although the petitioner purports to object to this finding, he does not contest the magistrate judge's determination that the pretrial identification procedures were not impermissibly suggestive.[10]   In any event, the magistrate judge's conclusion is correct.[11]

The magistrate judge likewise concluded that the state court's application of *Strickland* to petitioner's ineffective assistance of counsel bolstering claim was not unreasonable.   The petitioner objects by summarily asserting that the detectives' identifications of him at trial constituted bolstering.[12]   As the magistrate judge explained, corroboration is not bolstering—and corroboration is what the detectives did in this case.[13]

---

[8] *Id.*; *see also* Doc. No. 21-8 at 28–29.

[9] *See Jones v. Cain*, 227 F.3d 228, 230–31 (5th Cir. 2000).

[10] Doc. No. 43 at 3–4.

[11] Doc. No. 40 at 24.

[12] Doc. No. 43 at 4.

[13] Doc. No. 40 at 27.

The magistrate judge likewise concluded that the state court's application of *Strickland* to petitioner's ineffective assistance of appellate counsel claims were not unreasonable.   The petitioner objects to the magistrate judge's finding that the affidavit supporting the arrest warrant contained sufficient detail for the judge to find probable cause.[14]   The petitioner's objections do nothing to undermine the patently sufficient details contained in the affidavits.   As the magistrate judge explained, the affidavit stated: "Victim Freeman was able to get the license plate to the suspect vehicle and after checking that license plate, it returns to the defendant, who has an extensive criminal history and is a documented gang member, and matched the description provided by the victims."[15]

The magistrate judge concluded that the petitioner's Fourth Amendment claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976).[16]   The petitioner argues that the state cannot make an argument based on *Stone* in this proceeding because it didn't raise *Stone* in his state habeas proceedings.[17]   But *Stone* precludes *federal* habeas relief when a petitioner has received a full and fair opportunity to litigate a Fourth Amendment claim—so of course the state wouldn't raise *Stone* in the state proceedings.[18]

---

[14] Doc. No. 40 at 29–31; Doc. No. 43 at 4.

[15] Doc. No. 40 at 29.

[16] *Id.* at 30.

[17] Doc. No. 43 at 5.

[18] *Stone*, 428 U.S. at 494.

The magistrate judge found that the petitioner's Sixth Amendment right to a speedy trial was not violated.[19]   Petitioner objects to the magistrate judge's weighing against him his motions to appear pro se and to substitute counsel—contending that it is solely up to the state to obtain a trial date.   But the speedy-trial analysis requires accounting for both the defendant's and the government's contributions to delay.[20]   The petitioner also objects that he could not have done anything "further" to have a potentially exculpatory witness testify before that witness died.[21]   But under the speedy-trial analysis, what petitioner needs to do now is explain why he could not have obtained the testimony from other witnesses, or could not have otherwise preserved the witness's testimony.   And the petitioner does not do so. The magistrate judge is correct that the balancing test does not weigh in the petitioner's favor, and it was not unreasonable for the state habeas court to reject petitioner's speedy-trial claim.

The magistrate judge found that the petitioner's insufficiency-of-the-evidence claim is procedurally barred because the petitioner did not raise this claim in his petition for discretionary review to the Texas Court of Criminal Appeals.[22]   The petitioner does not contest this finding, but simply asserts—contrary to the law—that

---

[19] Doc. No. 40 at 35–36.

[20] *United States v. Duran-Gomez*, 984 F.3d 366, 374 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 133 (Oct. 4, 2021).

[21] Doc. No. 43 at 6.

[22] Doc. No. 40 at 36.

such a claim can be presented in state habeas petitions.[23]   The magistrate judge is correct that this claim is procedurally defaulted and petitioner does not otherwise show cause, prejudice, or a fundamental miscarriage of justice.

The magistrate judge concluded that the petitioner's prosecutorial-misconduct claim is procedurally defaulted.   The petitioner objects, arguing that he brought this claim in his subsequent habeas petition to the Texas Court of Criminal Appeals.   But that petition was dismissed as an abuse of the writ, as the Court explains above. This claim is procedurally defaulted.

Finally, the magistrate judge concluded that the state habeas court did not unreasonably apply clearly established federal law in rejecting the petitioner's claim under *Brady v. Maryland*, 373 U.S. 83 (1963).[24]   The petitioner objects by listing the elements of a *Brady* violation and asserting that he asked for police reports, but they were not turned over by the state.   But, to succeed, the petitioner needs to show that his having the police reports would have produced a "reasonable probability of a different result" at trial.[25]   And the petitioner has failed to do that.[26]

---

[23] Doc. No. 43 at 6.

[24] Doc. No. 40 at 39.

[25] *Banks v. Dretke*, 540 U.S. 668, 699 (2004).

[26] *See* Doc. No. 40 at 38–39.

7

The Director also filed an objection to the magistrate judge's findings, conclusions, and recommendations.[27]   The Director does not object to the overall recommendations of the magistrate judge, but does object to the finding that the record does not conclusively show that certain police reports were turned over to defense counsel before trial.[28]   The Director explains that the government had an open-file policy and that the petitioner fails to conclusively show that the state withheld the police reports.[29]   The Director is correct that the record does not conclusively show that the reports *were withheld* by the government.   However, the magistrate judge simply found that the record doesn't conclusively show that the reports *were turned over* to defense counsel.   And the Court agrees with the magistrate judge.   The petitioner's claim is speculative and it appears likely that the reports would have been turned over to defense counsel pursuant to the government's open-file policy[30]—but the Director does not point the Court to any evidence conclusively showing that the reports were in fact turned over.

The Court has reviewed the findings, conclusions, and recommendations *de novo* and finds no error.   Accordingly, the Court **ACCEPTS** the magistrate judge's

---

[27] Doc. No. 42.

[28] *See* Doc. No. 40 at 21, 38.

[29] The Director also explains that, pursuant to Texas Rule of Appellate Procedure 34.5(a), offense reports are not included in the clerk's record, and the clerk's record is what petitioner relies on for his assertion that the reports weren't turned over to defense counsel.   Doc. No. 42 at 4; *see also* Doc. No. 4 at 9.

[30]   *See* Doc. No. 42 at 4: "Officer Smith was called by the defense and questioned about his report, where defense counsel specifically highlighted issues with his investigation."

findings, conclusions, and recommendations in all respects.

      **IT IS SO ORDERED** this 9th day of February, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

9