IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY L. MCGEE<br>TDCJ No. 2173658,<br><br>Petitioner,<br><br>V.<br><br>DIRECTOR, TDCJ-CID,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:20-cv-1415-X-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

On February 28, 2022, the Court issued a judgment denying *pro se* petitioner Rickey L. McGee's 28 U.S.C. § 2254 petition for a writ of habeas corpus. *See* Dkt. Nos. 44, 48. The United States Court of Appeals for the Fifth Circuit then denied McGee's request for a certificate of appealability ("COA"). *See* Dkt. No. 58; *McGee v. Director*, TDCJ-CID, No. 22-10188 (5th Cir. Sept. 8, 2022).

In November 2022, following the denial of a COA, McGee filed the following motions in this Court: (1) a motion, pursuant to Federal Rule of Civil Procedure 60, for relief from the Court's February 28, 2022 judgment; (2) a motion for an evidentiary hearing; (3) a motion for court-appointed counsel; (4) a preemptive motion to extend the time limit to file any responsive briefs that might be necessary in the future; and (5) a motion to stay the proceedings to exhaust unspecified claims in state court. *See* Dkt. Nos. 60-63; Dkt. No. 65. The undersigned now enters these

findings of fact, conclusions of law, and recommendation that the Court should deny all of McGee's motions.

## Law and Analysis

### A. Rule 60(b) Motion (Dkt. No 61).

McGee filed a motion under Federal Rule of Civil Procedure 60 to re-open his proceedings. *See* Dkt. No. 61. Initially, McGee does not specify whether his motion is pursuant to Rule 60(a) or Rule 60(b). Under Rule 60(a), the "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." FED. R. CIV. P. 60(a).

McGee's motion is sparse. It consists of three short paragraphs without argument. But McGee does specifically ask the Court to "re-open" his denied petition so that "the issues that were deemed procedurally barred may be reviewed on the merits." Dkt. No. 61. Thus, this does not appear to be a motion premised on a clerical mistake or mistake in the judgment arising from oversight or omission under Rule 60(a), and the undersigned analyzes McGee's motion pursuant to Rule 60(b).

An initial question is whether McGee's Rule 60(b) motion is an unauthorized successive petition which this Court lacks jurisdiction to consider absent prior authorization from the Fifth Circuit under 28 U.S.C. § 2244(b). In *Gonzalez v.*

2

*Crosby*, 545 U.S. 524 (2005), the Supreme Court considered the possibility that state prisoners could use Rule 60(b) motions to evade the Anti-Terrorism and Effective Death Penalty Act of 1996's ("AEDPA") limitation of successive habeas petitions. "The Court held that Rule 60(b) motions which present habeas 'claims,' *see* 28 U.S.C. § 2244(b), should be treated as successive habeas petitions subject to the strictures of § 2244(b)." *Jackson v. Lumpkin*, 25 F.4th 339, 340 (5th Cir. 2022) (citing *Gonzalez*, 545 U.S. at 531). "Otherwise, 'use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 532). In determining whether a Rule 60(b) motion presents a habeas "claim," courts should focus on whether the motion "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez*, 545 U.S. at 532 (emphasis in original). The term "on the merits" refers "to a determination there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4.

By contrast, a motion attacking, "not the substance of the federal court's resolution of claim on the merits, but some defect in the integrity of the federal habeas proceeding," will not qualify as a successive petition. *Id.* at 532. "Thus, for example, challenges to dismissal of prior habeas petitions on grounds of procedural default, time bar or failure to exhaust, are not challenges to dismissal on the merits, should not be construed as improper successive habeas petitions, and are properly

3

before the district court." *Holley v. Terrell*, Civil Action No. 10-1787, 2013 WL 2243835, at *2 (E.D. La. May 21, 2013).

In this case, McGee presented a multitude of claims in his Section 2254 federal habeas petition. Some claims were dismissed on the merits, but some were deemed to be procedurally defaulted. *See* Dkt. No. 40 at 8-16, 36-38 (Findings, Conclusions, and Recommendation concluding that McGee procedurally defaulted some of his ineffective assistance of counsel claims, his insufficiency of the evidence claim, and some of his prosecutorial misconduct claims); Dkt. No. 44 (Order Accepting Findings, Conclusions, and Recommendation). McGee's Rule 60(b) motion – although lacking any argument – appears to focus on the latter type of claims, those to which a determination of procedural default precluded a merits determination. Indeed, McGee only asks the Court to "reopen his denied 2254" so that the "issues that were deemed procedurally barred" can be reviewed on the merits. Dkt. No. 61 at 1. Because McGee does not ask the Court to review any of the claims that it addressed on the merits, the undersigned finds that his Rule 60(b) motion is not an unauthorized successive petition and proceeds to address the motion's merits. *See, e.g.*, *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (concluding that rule 60(b) motion was not successive petition when it challenged the district court's determination that claims were procedurally defaulted).

Turning to the merits of the Rule 60(b) motion, Rule 60(b) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:"

4

>    (1) mistake, inadvertence, surprise, or excusable neglect;
>
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

"The purpose of Rule 60(b) is to balance the principle of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 1981)). But "it goes without saying that a Rule 60 motion is not a substitute for an appeal from the underlying judgment." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994).

"The burden of establishing at least one of the Rule 60(b) requirements is on [McGee] as the movant." *Bashoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc)); *see also Wallace v. Magnolia Family Servs., L.L.C.*, Civ. A. No. 13-4703, 2015 WL

1321604, at *2 (E.D. La. Mar. 24, 2015) ("The extraordinary relief afforded by Rule 60(b) requires that the moving party make showing of unusual or unique circumstances justifying such relief." (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985))).

Rule 60(b) motions are typically committed to the sound discretion of the district court. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (noting that the United States Court of Appeals for the Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments" (internal quotation marks and alterations omitted)). And, because "denial of a 60(b)(6) motion is reviewed only for abuse of discretion," "'[i]t is not enough that the granting of relief might have been permissible, or even warranted – denial must have been so unwarranted as to constitute an abuse of discretion.'" *Travelers*, 38 F.3d at 1408 (quoting *Seven Elves*, 635 F.2d at 402; footnote and citation omitted).

With those standards in mind, McGee fails to show that relief under Rule 60(b) is warranted. Again, his motion contains no argument. McGee does not identify any mistake, inadvertence, surprise or excusable neglect; argue that the judgment is void; or demonstrate that applying it prospectively would be inequitable. Nor does he identify any newly-discovered evidence or fraud on the part of the State. As for Rule 60(b)(6) – which allows the court to grant relief for "any other reason justifying relief from the operation of the judgment" – relief under this

subsection is only appropriate if "extraordinary circumstances are present." *American Totalisator Co. Inc. v. Fair Grounds Corp.*, 3 F.3d 810, 816 (5th Cir. 1993) (citing *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990); quoting, in turn, *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990))). But McGee's cursory motion fails to identify any extraordinary circumstance that might justify relief under Rule 60(b)(6).

In sum, McGee's Rule 60(b) motion is not a successive habeas application, but it is meritless and should be denied.

### B. Motion for Evidentiary Hearing (Dkt. No. 60)

McGee also filed a motion for an evidentiary hearing, presumably in relation to his Rule 60(b) motion. *See* Dkt. No. 60 at 1. McGee claims that he attempted with diligence to develop the facts in state court by filing a state habeas application, a writ of mandamus, and a supplement to his state habeas petition. He claims that a federal evidentiary hearing is necessary "to enable him to prove factual allegations" because there has never been "a fact finding rendered either by trial court or appellate court as to his claims." *See id.* But assuming that the Court agrees with the undersigned that the Rule 60(b) motion should be denied, the motion for an evidentiary hearing in relation to it is moot. *See, e.g.*, *Griffin v. Goodwin*, Civil Action No. 12-2932, 2015 WL 3680158, at *2 (E.D. La. June 12, 2015) (finding motion for evidentiary hearing in relation to Rule 60(b) motion was moot when the Rule 60(b) motion was denied); *see also Hargrave-Thomas v. Yukins*, 450 F.Supp.2d 711, 723 (E.D. Mich. 2006) ("Furthermore, because the Rule 60(b) motion is denied,

7

her request for an evidentiary hearing to present further testimony in support of that motion shall be denied as moot.").

The motion for an evidentiary hearing is substantively meritless as well. A federal court cannot expand the record on a Section 2254 claim adjudicated on the merits in state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). That is, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 181. Because Section 2254 "requires an examination of the state-court decision at the time it was made," the Supreme Court held that "the record under review is limited to the record in existence at that same time i.e., the record before the state court." *Id.* at 182. Therefore, "§ 2254(d)(1) bars a district court from conducting ... an evidentiary hearing" when the Court is adjudicating claims in a habeas petition under that provision. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (finding that a district court erred by relying on evidence obtained from a hearing conducted under 28 U.S.C. § 2254(e)(2) "to conclude that the state habeas court had unreasonably applied *Strickland*" and that the petitioner must instead "overcome the limitation of § 2254(d)(1) on the record that was before the state court'" (quoting *Pinholster*, 563 U.S. at 185)).

While, in rare cases, an evidentiary hearing may be held under Section 2254(e)(2) – generally only if a petitioner diligently developed the basis of a claim in state court – "'the district court retains discretion over the decision to grant an evidentiary hearing once a petitioner overcomes the barriers presented by §

8

2254(e)(2)'" and "may impose other requirements in addition to the ones set forth in Section 2254(e)(2)," such as refusing "an evidentiary hearing where there is no 'factual dispute which, if resolved in [the petitioner's] favor, would entitle him to relief.'" *Carlisle v. Normand*, Civ. A. No. 16-838, 2016 WL 8309772, at *10 (E.D. La. June 3, 2016) (quoting *Clark v. Johnson*, 202 F.3d 760, 765, 766 (5th Cir. 2000)), *rec. adopted*, 2017 WL 699787 (E.D. La. Feb. 22, 2017); *cf. Smith v. Cain*, 708 F.3d 628, 634-35 (5th Cir. 2013) ("We hold that *Pinholster*'s restriction does not bar the federal evidentiary hearing conducted in this case because the district court first concluded, solely on the basis of the state court record, that the state courts committed legal error, as required under 28 U.S.C. § 2254(d)(1), through the state courts's 'unreasonable application of, clearly established Federal law.' Thus, the evidentiary hearing was committed to the district court's discretion, subject to section 2254(e)(2)."); *Hoffman v. Cain*, 752 F.3d 430, 438 (5th Cir. 2014) ("Even assuming that a petitioner clears [the Section 2254(e)(2)] hurdles," the Court of Appeals reviews "the district court's denial of an evidentiary hearing for an abuse of discretion." (collecting cases)).

There has been no showing that, under these standards, an evidentiary hearing is authorized. Even if McGee is seeking relief as to claims that were not adjudicated on the merits in state court, he has still failed to show that he satisfies Section 2254(e)(2)'s requirements or explain what factual dispute exists that necessitates a hearing and how its resolution would entitle him to relief.

In sum, McGee's motion for an evidentiary hearing is moot because the Rule

9

60(b) motion is meritless and should be denied. The motion for an evidentiary hearing is also substantively meritless. McGee's motion for an evidentiary hearing should be denied.

### C. Motion for Court-Appointed Counsel (Dkt. No. 62)

McGee also moves the Court to appoint counsel. *See* Dkt. No. 62. He complains that his imprisonment has "greatly limited his ability to litigate," and that he has been denied access to the library because he has a pending civil complaint against the warden and law library supervisor. Dkt No. 62. But assuming the Court agrees with the undersigned that McGee's Rule 60(b) motion is meritless and denies it, the motion to appoint counsel, which is presumably in relation to that motion, is moot.

In any event, the motion to appoint counsel also lacks merit. "No constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012). But, under the Criminal Justice Act ("CJA"), as implemented by the Court's CJA Plan, *see* MISC. ORDER NO. 3 (N.D. Tex. Dec. 20, 2018), "a [financially-eligible habeas] petitioner should be appointed counsel when 'the interests of justice so require,'" *Urias*, 455 F. App'x at 523 (quoting 18 U.S.C. § 3006A(a)(2)(B)); *see also* MISC. ORDER NO. 3, ¶ IV(A)(2)(b).

> The exercise of discretion in this area is guided ... by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will

10

benefit the petitioner and the court in addressing this claim.

*Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991)).[1] Under Section 3006A(a)(2)(B), the interests of justice do not currently require that the Court appoint counsel for McGee in this case because (at the least) judgment has already been entered against him, the United States Court of Appeals for the Fifth Circuit has denied his request for a COA, and his Rule 60(b) motions lacks merit.

In sum, because McGee's motion for court-appointed counsel will be mooted by the denial of his Rule 60(b) motion, and because, at any rate, the motion to appoint counsel lacks merit, the motion should be denied.

**D. Motion for Extension of Time (Dkt. No. 63)**

McGee filed a motion for extension of time in which he requests a "21 day extension on any responses required." Dkt. No. 63. The Court should deny the motion. There are no responses required of McGee at this time because the case is closed. And it is not recommended that it be re-opened, as McGee's Rule 60(b)

---

[1] *See also Scoggins v. MacEachern*, Civ. A. No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986); citations omitted)); *Lyle v. United States*, Civ. A. No. JFM-09-727 & Crim. No. JFM-02-395, 2009 WL 901523, at *1 (D. Md. Mar. 31, 2009) (the decision to appoint counsel under "§ 3006A(a)(2)(B) ... is similar to the standard applied in deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1), wherein the determination to appoint counsel hinges on the characteristics of the claim and the litigant" (citation omitted)).

motion lacks merit.

### E. Motion to Stay Proceedings (Dkt. No. 65)

Finally, McGee filed a motion to stay the proceedings to allow him to exhaust state remedies. Dkt. No. 65. The Court should deny the motion. There are no ongoing proceedings to "stay." At this juncture, McGee's federal habeas petition has been denied, a judgment has been entered against him, the Fifth Circuit has denied a COA in relation to that judgment, and, as explained above, McGee's Rule 60(b) motion to set aside the judgment lacks merit. There is no basis for the Court to re-open this case and then stay it indefinitely so that McGee can try – despite successive petition obstacles – to file a subsequent state habeas application to exhaust unspecified claims.

## Recommendation

The Court should deny McGee's Rule 60(b) motion (Dkt. No. 61), his Motion for an Evidentiary Hearing (Dkt. No. 60); his Motion to Appoint Counsel (Dkt. No. 62); his Motion for Extension of Time (Dkt. No. 63); and his Motion for a Stay in the Proceedings (Dkt. No. 65.)

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the

12

objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: November 16, 2022.

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE