IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RICKEY L. MCGEE                      §
TDCJ No. 2173658,                    §
                                     §
         *Petitioner*,               §
                                     §
v.                                   §          Civil Action No. 3:20-CV-1415-X-BN
                                     §
DIRECTOR, TDCJ-CID,                  §
                                     §
         *Respondent*.               §

## **MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner Rickey L. McGee's motions to reopen (Docs. 82, 83) and a motion to extend time (Doc. 85). Having considered the motions, the Court **DENIES** McGee's Rule 60(b) motions as meritless as to the procedurally defaulted ineffective assistance of counsel claims. With respect to the claims that were denied on the merits, the Rule 60(b) motions are successive § 2254 motions in disguise, and, as such, are **DISMISSED WITHOUT PREJUDICE** to McGee's ability to seek leave to file a successive application from the United States Court of Appeals for the Fifth Circuit.[1] (Docs. 82, 83). McGee's motion for an extension of time to file a notice of appeal is **DENIED WITHOUT PREJUDICE**. (Doc. 85).

### I. Background

McGee, a Texas prisoner, was convicted by a jury in Dallas County on two counts of aggravated robbery with a deadly weapon, enhanced with two prior felony

---

[1] *See* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 2255(h).

1

convictions.[2]  After the state courts denied his appeal and habeas applications, he filed a federal habeas petition in this Court under 28 U.S.C. § 2254.[3]  The Court, accepting the recommendation of the United States Magistrate Judge, denied McGee's federal habeas application on February 28, 2022.[4]

On November 1, 2022, McGee filed his first motion for relief from the judgment under Federal Rule of Civil Procedure 60(b).[5]  The Court denied the motion a few months later, and the United States Court of Appeals for the Fifth Circuit denied McGee's request for a certificate of appealability.[6]

On September 23, 2023, McGee filed a second motion for relief from the judgment under Rule 60(b), and, on February 13, 2024, he filed a third such motion, which is substantially similar to the second.[7]  Those motions—as well an anticipatory motion for an extension of time to appeal the denial of his Rule 60(b) motions—are pending before the Court.[8]

---

[2] See State v. McGee, F-1634499-H, F-1634511-H (Crim. Dist. Ct. No. 1, Dallas Cnty.).

[3] Doc. 3.

[4] See Docs. 40, 44, 47, 48.

[5] Doc. 61.

[6] Docs. 66, 70, 81.

[7] Docs. 82, 83.

[8] Doc. 85.

## II. Analysis

### A.  McGee fails to show that he is entitled to relief from judgment.

McGee claims that his motions for relief from judgment fall under Federal Rule of Civil Procedure 60(b).[9]  As with his prior post-judgment motion, an initial question is whether the Rule 60(b) motions are unauthorized successive petitions that the Court lacks jurisdiction to consider absent prior authorization from the Fifth Circuit.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction.  But he may not usually make a 'second or successive habeas corpus application.'"[10]  If an application is a "second or successive petition" the district court cannot consider it without authorization from the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3).

"Because of the comparative leniency of Rule 60(b), petitioners sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions."[11]  "A federal court examining a Rule 60(b) motion should determine whether it *either*: (1) presents a new habeas claim (an 'asserted federal basis for relief from a state court's judgment of conviction'), or (2) 'attacks the federal court's previous resolution of a claim on the merits[.]'"[12]  "If the Rule 60(b) motion does either, then it should be treated as a second-or-successive habeas

---

[9] Doc. 82 at 2.

[10] *Bannister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)).

[11] *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005); *In re Jasper*, 559 F. App'x 366, 370 (5th Cir. 2014)).

[12] *Id.* (citing *Gonzalez*, 545 U.S. at 530, 532) (emphasis added).

petition and subjected to the AEDPA's limitation on such petitions."[13]   And "[a] federal court resolves the claim on the merits when it determines that there are or are not 'grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d),' as opposed to when a petitioner alleges 'that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar.'"[14]

Here, McGee's federal habeas application contained several ineffective assistance of counsel claims, a Fourth Amendment violation claim, a Sixth Amendment speedy trial claim, a sufficiency of the evidence claim, and several prosecutorial misconduct claims.[15]   The Court found that some of McGee's ineffective assistance of counsel and prosecutorial misconduct claims were procedurally defaulted, as was his insufficiency of the evidence claim, but it otherwise addressed the merits of his claims.[16]

McGee's Rule 60(b) motions seek, at least in part, to attack this Court's finding that he procedurally defaulted several ineffective assistance of counsel claims.[17]   Because such allegations attack, "not the substance of the federal court's resolution of claims on the merits, but some defect in the integrity of the federal

---

[13] *Id.* (citing 28 U.S.C. § 2244(b); *Gonzalez*, 545 U.S. at 531–32; *In re Sepulvado*, 707 F.3d 550, 552 (5th Cir. 2013)).

[14] *Id.* (citing *Gonzalez*, 545 U.S. at 532 n. 4).

[15] *See generally* Doc. 40 (discussing all of McGee's claims).

[16] *See id.*

[17] *See, e.g.*, Doc. 82 at 2–4.

habeas proceeding," they are not successive, and McGee can raise them under Rule 60(b).[18]

Turning to the merits of the Rule 60(b) motions, 60(b) provides that:

On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5), the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[19] "The burden of establishing at least one of the Rule 60(b) requirements is on [McGee] as the movant."[20]  Such motions "must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order of the date of the proceeding."[21]  Here, McGee focuses on Rule 60(b)(1)–(4) and (6).

---

[18] *Gonzalez*, 545 U.S. at 532; *see also Holley v. Terrell*, Civil Action No. 10-1787, 2013 WL 2243835, at *2 (E.D. La. May 21, 2013) ("Thus, for example, challenges to dismissal of prior habeas petitions on grounds of procedural default, time bar, or failure to exhaust, are not challenges to dismissal on the merits, should not be construed as improper habeas petitions, and are properly before the district court."); *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (concluding that Rule 60(b) motion was not successive petition when it challenged the district court's determination that the claims were procedurally defaulted).

[19] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (cleaned up).

[20] *Bashhoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (Fitzwater, J.) (cleaned up).

[21] FED. R. CIV. P. 60(c).

### 1. Rule 60(b)(1)

McGee claims that Rule 60(b)(1) applies because the Court made "mistakes" (1) in finding that "the entire" ineffective assistance of counsel claim had to be dismissed because McGee presented "four additional sub-claims in his federal petition," (2) in finding some of his ineffective assistance of counsel claims were defaulted when the state court did not expressly and clearly base its denial on a procedural rule, and (3) in overlooking whether he could establish cause and prejudice for the procedural default under *Trevino v. Thaler*, 569 U.S. 413 (2013). Initially, McGee's motions, as much as they rely on Rule 60(b)(1), are untimely, as they were filed more than year after the entry of the judgment.[22]

But even if the motions were timely, McGee's arguments are meritless. His argument that the Court erred in dismissing his entire ineffective assistance of counsel claim that included new sub-parts is vague and conclusory. It is unclear which ineffective assistance of counsel claim or claims that McGee is talking about. The Court undertook a detailed, claim-by-claim analysis of each of McGee's trial and appellate ineffective assistance of counsel claims—fourteen in all—finding that some were procedurally barred because they were unexhausted (for various reasons), and McGee would be barred from returning to state court to exhaust those claims.[23] McGee's conclusory argument, without further elaboration as to what specific ineffective assistance of counsel claims he is referencing and how the

---

[22] *See* FED. R. CIV. P. 60(c).

[23] *See* Doc. 40 at 8–30.

allegations that he provided to the state court gave fair notice of his federal claim(s) sufficient to exhaust them, cannot show a "mistake" under Rule 60(b)(1).

Second, McGee argues that, because the state court did not clearly and expressly base its denial of any of his claims on a procedural rule, his claims were not procedurally defaulted for purposes of federal habeas relief. But that is not the only way for a procedural default to occur. Rather, "[p]rocedural default occurs where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, *or* (2) the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred."[24]

Here, the Court found the several of McGee's ineffective assistance of counsel claims were unexhausted because he did raise them at all—or did not raise them properly—to the Texas Court of Criminal Appeals. And because "Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ," McGee would be precluded from raising them in a subsequent writ, so they were procedurally defaulted absent a showing of cause and prejudice.[25] Thus,

---

[24] *Gutierrez v. Dretke*, 392 F. Supp. 2d 802, 822 (W.D. Tex. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)) (emphasis added).

[25] *See Boutte v. Lumpkin*, Civil Action No. 4:22-cv-1921, 2024 WL 1195546, at *3–4 (S.D. Tex. Mar. 20, 2024) (citing Tex Code Crim. Proc. Art. 11.07, § 4; *see also Bagwell v. Drethe*, 372 F.3d 748, 755–56 (5th Cir. 2004) (holding petitioner to have procedurally defaulted by failing to "fairly present" claim to state courts in his state habeas application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims procedurally barred).

these claims are procedurally defaulted even without a state court denial or dismissal premised expressly and clearly on a state procedural rule.

McGee next argues that the Court erred in finding that there was not cause and prejudice to excuse his procedural defaults. He references *Trevino v. Thaler*, 569 U.S. 413 (2013), which extended *Martinez v. Ryan*, 566 U.S. 1 (2012) to the Texas collateral relief system. In *Martinez*, the Supreme Court held that when, as in Texas, the state procedural framework makes it highly unlikely that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, "procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding there was no counsel or counsel in that proceeding was ineffective."[26]

But McGee did not make a *Trevino/Martinez* argument until after judgment was entered, in connection with his first motion for relief from judgment.[27] "It is too late for plaintiff to raise a new substantive issue."[28] Indeed, "[a] Rule 60(b) motion may not be used to raise arguments that could have been raised before judgment or to argue new legal theories."[29] Because McGee could have raised this argument before judgment was entered against him, but failed to do so, it does not justify

---

[26] *Trevino*, 569 U.S. at 429 (quoting *Martinez*, 566 U.S. at 17).

[27] *See* Doc. 67 (objections to recommendation to deny Rule 60(b) motion in which McGee first made a *Trevino/Martinez* argument).

[28] *Rowe v. Skeen*, No. 6:21-cv-0202, 2023 WL 8591486, at *2 (E.D. Tex. Jan. 18, 2023) (citing *Behringer v. Johnson*, 75 F.3d 189, 190 (5th Cir. 1996)).

[29] *Id.* (citing *Williams v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 402 F. App'x. 309, 313 (5th Cir. 2012)).

relief under Rule 60(b).  In sum, McGee's request for relief under Rule 60(b)(1) is untimely and meritless.

### 2. Rule 60(b)(2)

Next, McGee claims that exculpatory and impeaching police reports that were allegedly withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) justify relief under Rule 60(b)(2) because they are newly discovered evidence.  But this evidence—police reports in which a witness said that the perpetrator was wearing a mask and gave a description of the gun that was slightly different from evidence presented at trial—is not new.  McGee knew about the reports when he filed his federal habeas application and made a *Brady* claim based on them.  He is not entitled to relief under Rule 60(b)(2).[30]

### 3. Rule 60(b)(3), (4), and (6).

McGee says that Rule 60(b)(3), (4), and (6) also apply, but he provides no argument about these provisions.  He has not identified any fraud or explained how the judgment would be void.[31]  Nor does he explain why Rule 60(b)(6)—the catch-all provision allowing a court to reopen a judgment for "any other reason that justifies relief"—applies.  McGee has not shown the extraordinary or exceptional circumstances necessary to warrant relief under Rule 60(b).[32]  McGee's Rule 60(b) motions are **DENIED**.  (Docs. 82, 83).

---

[30] *See* Doc. 4 at 7–8.

[31] *See* FED. R. CIV. P. 60(b)(3)–(4).

[32] *See In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (noting that relief under Rule 60(b) is an extraordinary remedy and that the desire for a predictable judicial process cautions against reopening judgments).

**B. McGee allegations attacking the claims adjudicated on the merits are successive.**

As noted, the Court also denied several of McGee's claims on the merits. McGee also attacks the Court's analysis of these claims, arguing that all his claims should be readdressed.[33]  In particular, he challenges the Court's finding that his *Brady* claim lacked merit.[34]  But such allegations and arguments are successive because they attack claims that the federal court already decided on the merits.[35] And McGee has not obtained permission from the Fifth Circuit to file a successive habeas petition.  Thus, McGee's allegations attacking claims decided on the merits will be dismissed without prejudice as successive.

**C. McGee's preemptive motion for an extension of time is too vague to warrant relief.**

Finally, McGee preemptively moved for a thirty-day extension of the time to appeal this order.[36]  But he does not provide any argument as to why additional time to file a notice of appeal is necessary, so his motion is **DENIED WITHOUT PREJUDICE**.  (Doc. 85).

---

[33] Doc. 83 at 4.

[34] Doc. 82 at 3–4; Doc. 83 at 3–4.

[35] *See, e.g.*, *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) ("A motion is substantive—and thus a successive habeas petition—if it 'seeks to add a new ground for relief,' or if it 'attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.'") (citation omitted) (emphasis in original).

[36] Doc. 85.

## III. Conclusion

McGee's Rule 60(b) motions are **DENIED** as meritless as to the procedurally defaulted ineffective assistance of counsel claims.  With respect to the claims that were denied on the merits, the Rule 60(b) motions are successive § 2254 motions in disguise, and, as such, are **DISMISSED WITHOUT PREJUDICE** to McGee's ability to seek leave to file a successive application from the United States Court of Appeals for the Fifth Circuit.[37]  (Docs. 82, 83).  McGee's motion for an extension of time to file a notice of appeal is **DENIED WITHOUT PREJUDICE**.  (Doc. 85).

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES A CERTIFICATE OF APPEALABILITY**.  In light of the rulings in this case, the Court concludes that McGee has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."[38]

The Court **INSTRUCTS** the Clerk to reopen and then close this case for statistical purposes.

---

[37] *See* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 2255(h).

[38] *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED** this 28th day of June, 2024.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE