IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY L. MCGEE TDCJ No. 2173658, | § § § | |
| *Petitioner,* | § § | |
| v. | § § | Civil Action No. 3:20-CV-1415-X-BN |
| DIRECTOR, TDCJ-CID, | § § | |
| *Respondent.* | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are Petitioner Rickey L. McGee's motions to reopen (Docs. 87, 93) and a motion to for an evidentiary hearing (Doc. 94). Having considered the motions, the Court **DENIES** McGee's Rule 60(b) motions as meritless as to the procedurally defaulted claims. With respect to the claims that were denied on the merits, the Rule 60(b) motions are successive § 2254 motions in disguise, and, as such, are **DISMISSED WITHOUT PREJUDICE** to McGee's ability to seek leave to file a successive application from the United States Court of Appeals for the Fifth Circuit.[1] (Docs. 87, 93). And the Court **FINDS AS MOOT** McGee's motion for an evidentiary hearing. (Doc. 94).

### I. Background

McGee, a Texas prisoner, was convicted by a jury in Dallas County on two counts of aggravated robbery with a deadly weapon, enhanced with two prior felony

---

[1] *See* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 2255(h).

convictions.[2]  After the state courts denied his appeal and habeas applications, he filed a federal habeas petition in this Court under 28 U.S.C. § 2254.[3]  The Court, accepting the recommendation of the United States Magistrate Judge, denied McGee's federal habeas application on February 28, 2022.[4]

On November 1, 2022, McGee filed his first motion for relief from the judgment under Federal Rule of Civil Procedure 60(b).[5]  The Court denied the motion a few months later, and the United States Court of Appeals for the Fifth Circuit denied McGee's request for a certificate of appealability.[6]

On September 23, 2023, McGee filed a second motion for relief from the judgment under Rule 60(b), and, on February 13, 2024, he filed a third such motion, which is substantially similar to the second.[7]  The Court denied the two motions.[8]  McGee appealed the denial and filed a fourth motion under Rule 60(b) on July 24, 2024, and a fifth on September 20, 2024.[9]  The Fifth Circuit dismissed McGee's appeal for want of prosecution.[10]  His fourth and fifth motions for reconsideration, along with a motion for an evidentiary hearing,[11] are now pending before the Court.

---

[2] *See State v. McGee*, F-1634499-H, F-1634511-H (Crim. Dist. Ct. No. 1, Dallas Cnty.).

[3] Doc. 3.

[4] *See* Docs. 40, 44, 47, 48.

[5] Doc. 61.

[6] Docs. 66, 70, 81.

[7] Docs. 82, 83.

[8] Doc. 86.

[9] Docs. 87, 93.

[10] Doc. 96.

[11] Doc. 94.

## II. Analysis

### A. McGee fails to show that he is entitled to relief from judgment.

McGee claims that his motions for relief from judgment fall under Federal Rule of Civil Procedure 60(b).[12]  As with his three prior post-judgment motions, the threshold question is whether the Rule 60(b) motions are unauthorized successive petitions that the Court lacks jurisdiction to consider absent prior authorization from the Fifth Circuit.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction.  But he may not usually make a 'second or successive habeas corpus application.'"[13]  If an application is a "second or successive petition" the district court cannot consider it without authorization from the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3).

"Because of the comparative leniency of Rule 60(b), petitioners sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions."[14]  "A federal court examining a Rule 60(b) motion should determine whether it *either*: (1) presents a new habeas claim (an 'asserted federal basis for relief from a state court's judgment of conviction'), or (2) 'attacks the federal court's previous resolution of a claim on the merits.'"[15]  "If the Rule 60(b)

---

[12] Docs. 87 at 2 and 93 at 1.

[13] *Bannister v. Davis*, 590 U.S. 504, 507 (2020) (quoting 28 U.S.C. § 2244(b)).

[14] *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005); *In re Jasper*, 559 F. App'x 366, 370 (5th Cir. 2014)).

[15] *In re Edwards*, 865 F.3d at 203 (citing *Gonzalez*, 545 U.S. at 530, 532) (emphasis added).

motion does either, then it should be treated as a second-or-successive habeas petition and subjected to the AEDPA's limitation on such petitions."[16]

> A federal court resolves the claim on the merits when it determines that there are or are not "grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)," as opposed to when a petitioner alleges "that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar."[17]

McGee's federal habeas application contained several ineffective assistance of counsel claims, a Fourth Amendment violation claim, a Sixth Amendment speedy trial claim, a sufficiency of the evidence claim, and several prosecutorial misconduct claims.[18]  The Court found that some of McGee's ineffective assistance of counsel and prosecutorial misconduct claims were procedurally defaulted, as was his insufficiency of the evidence claim, but it otherwise addressed the merits of his claims.[19]

McGee's fourth and fifth Rule 60(b) motions attack this Court's finding that he procedurally defaulted on claims for ineffective assistance of counsel, prosecutorial misconduct, and insufficient evidence.[20]  Because such allegations attack "not the substance of the federal court's resolution of claims on the merits,

---

[16] *Id.* at 204 (citing 28 U.S.C. § 2244(b); *Gonzalez*, 545 U.S. at 531–32; *In re Sepulvado*, 707 F.3d 550, 552 (5th Cir. 2013)).

[17] *Id.* (citing *Gonzalez*, 545 U.S. at 532 n. 4).

[18] *See generally* Doc. 40 (discussing all of McGee's claims).

[19] *See id.*

[20] *See, e.g.*, Doc. 87 at 2–4.

but some defect in the integrity of the federal habeas proceeding," they are not successive, and McGee can raise them under Rule 60(b).[21]

Turning to the merits of the Rule 60(b) motions, 60(b) provides that:

On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5), the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[22] "The burden of establishing at least one of the Rule 60(b) requirements is on [McGee] as the movant."[23] Such motions "must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order of the date of the proceeding."[24] Here, McGee appeals to Rule 60(b)(3), (4), and (6).

---

[21] *Gonzalez*, 545 U.S. at 532; *see also Holley v. Terrell*, Civil Action No. 10-1787, 2013 WL 2243835, at *2 (E.D. La. May 21, 2013) ("Thus, for example, challenges to dismissal of prior habeas petitions on grounds of procedural default, time bar, or failure to exhaust, are not challenges to dismissal on the merits, should not be construed as improper habeas petitions, and are properly before the district court."); *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (concluding that Rule 60(b) motion was not successive petition when it challenged the district court's determination that the claims were procedurally defaulted).

[22] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (cleaned up).

[23] *Bashhoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (Fitzwater, J.) (cleaned up).

[24] Fed. R. Civ. P. 60(c).

McGee next argues that the Court erred in finding that there was not cause and prejudice to excuse his procedural defaults. He references *Trevino v. Thaler*, 569 U.S. 413 (2013), which extended *Martinez v. Ryan*, 566 U.S. 1 (2012) to the Texas collateral relief system. In *Martinez*, the Supreme Court held that when, as in Texas, the state procedural framework makes it highly unlikely that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, "procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding there was no counsel or counsel in that proceeding was ineffective."[25]

But McGee did not make a *Trevino/Martinez* argument until after judgment was entered, in connection with his first motion for relief from judgment.[26] "It is too late for plaintiff to raise a new substantive issue."[27] Indeed, "[a] Rule 60(b) motion may not be used to raise arguments that could have been raised before judgment or to argue new legal theories."[28] Because McGee could have raised this argument before judgment was entered against him, but failed to do so, it does not justify

---

[25] *Trevino*, 569 U.S. at 429 (quoting *Martinez*, 566 U.S. at 17).

[26] *See* Doc. 67 (objections to recommendation to deny Rule 60(b) motion in which McGee first made a *Trevino/Martinez* argument).

[27] *Rowe v. Skeen*, No. 6:21-cv-0202, 2023 WL 8591486, at *2 (E.D. Tex. Jan. 18, 2023) (citing *Behringer v. Johnson*, 75 F.3d 189, 190 (5th Cir. 1996)).

[28] *Id.* (citing *Williams v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 402 F. App'x. 309, 313 (5th Cir. 2012)).

relief under Rule 60(b).  In sum, McGee's request for relief under Rule 60(b)(1) is untimely and meritless.

### 2. Rule 60(b)(6)

Rule 60(b)(6) is the catch-all provision allowing a court to reopen a judgment for "any other reason that justifies relief."  McGee claims Rule 60(b)(6) should provide him relief by restating arguments about insufficient evidence, ineffective assistance of counsel, and prosecutorial misconduct that this Court has already ruled on in its initial opinion at Doc. 44 and in its opinion on McGee's last batch of Rule 60(b) motions at Doc. 86.

As he did in his last batch of Rule 60(b) motions, McGee argues that, because the state court did not clearly and expressly base its denial of any of his claims on a procedural rule, his claims were not procedurally defaulted for purposes of federal habeas relief.[29]  But that is not the only way for a procedural default to occur. Rather, "[p]rocedural default occurs where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, *or* (2) the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred."[30]

---

[29] Doc. 87 at 2.

[30] *Gutierrez v. Dretke*, 392 F. Supp. 2d 802, 822 (W.D. Tex. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)) (emphasis added).

McGee argues that the Court should have considered all eight of his IAC claims, not just the four that weren't procedurally barred.[31]  But, as the Court has repeatedly stated, several of McGee's IAC claims were unexhausted because he did not raise them at all—or did not raise them properly—to the Texas Court of Criminal Appeals.  And because "Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ," McGee would be precluded from raising them in a subsequent writ, so they were procedurally defaulted absent a showing of cause and prejudice.[32]  Thus, these claims are procedurally defaulted even without a state court denial or dismissal premised expressly and clearly on a state procedural rule.

The same is true for his prosecutorial misconduct and insufficient evidence claims.  McGee argues he brought these claims before the state court, but he did so only in a successive petition to the Texas Court of Criminal Appeals that was dismissed as an abuse of the writ.[33]  His argument that a denial without written opinion constitutes a denial on the merits (thus opening the door for federal habeas

---

[31] Doc. 87 at 2, 8.  McGee argues that the Court of Criminal Appeals "never invoked any procedur[al] bar" on the claims this Court deemed procedurally defaulted and that the Court of Criminal Appeals's denial without an opinion qualifies as a denial on the merits.  *Id.* at 2.  But that does not change the fact that McGee did not properly raise the arguments to the Court of Criminal Appeals and they are thus now barred.  *See* Doc. 44 at 7–8.

[32] *See Boutte v. Lumpkin*, Civil Action No. 4:22-cv-1921, 2024 WL 1195546, at *3–4 (S.D. Tex. Mar. 20, 2024) (citing Tex Code Crim. Proc. Art. 11.07, § 4; *see also Bagwell v. Dretke*, 372 F.3d 748, 755–56 (5th Cir. 2004) (holding petitioner to have procedurally defaulted by failing to "fairly present" claim to state courts in his state habeas application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims procedurally barred).

[33] *See* Doc. 40 at 1–2 (collecting and summarizing state court actions).

8

review) does not change the fact that he failed to bring the claims properly at state court and they are now procedurally defaulted.

McGee also relies on *Rose v. Lundy*[34] for the proposition that the Court was required to dismiss his previous Rule 60(b) motions instead of denying them.[35]  But this reliance is misplaced for multiple reasons.

The Supreme Court decided *Rose*—which required district courts to dismiss petitions containing both exhausted and unexhausted claims—in 1982, and the Antiterrorism and Effective Death Penalty Act (AEDPA) redefined the habeas process in 1996.[36]  Federal courts are no longer required to deny mixed petitions. Instead, in "limited circumstances," they can grant a stay and abeyance where the petitioner shows "good cause for [] failure to exhaust his claims."[37]  Otherwise, courts "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims."[38]  But McGee's unexhausted claims are procedurally defaulted, not just unexhausted.  He cannot proceed with them in state court.  So, for numerous reasons, this line of argument fails.

For all the reasons stated above, McGee's arguments under Rule 60(b)(6) fail.

### 3. Rule 60(b)(3) and (4)

As in his last batch of motions, McGee here argues that Rule 60(b)(3) and (4) apply but offers no reasoning.  He has not identified any fraud or explained how the

---

[34] 455 U.S. 509, (1982).

[35] Doc. 87 at 3.

[36] *See Rhines v. Weber*, 544 U.S. 269, 273 (2005).

[37] *Id.* at 277.

[38] *Id.* at 278.

judgment would be void.[39] McGee has not shown the extraordinary or exceptional circumstances necessary to warrant relief under Rule 60(b).[40]  McGee's Rule 60(b) motions are **DENIED**.  (Docs. 87, 93).

### B. McGee allegations attacking the claims adjudicated on the merits are successive.

McGee seems to suggest the Court should reconsider all his IAC claims, including those the Court decided on the merits at Doc. 44.[41]  This request is successive: it attacks claims that the federal court already decided on the merits.[42] McGee has not obtained permission from the Fifth Circuit to file a successive habeas petition.  Thus, McGee's allegations attacking claims decided on the merits will be dismissed without prejudice as successive.

### C. McGee's claims do not warrant an evidentiary hearing.

Finally, McGee requests an evidentiary hearing.[43]  But a hearing is not appropriate with "no relevant factual disputes that would require development in order to assess the claims."[44]  And in a § 2254 review, the federal court cannot

---

[39] *See* FED. R. CIV. P. 60(b)(3)–(4).

[40] *See In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (noting that relief under Rule 60(b) is an extraordinary remedy and that the desire for a predictable judicial process cautions against reopening judgments).

[41] Doc. 87 at 2.

[42] *See, e.g.*, *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) ("A motion is substantive—and thus a successive habeas petition—if it 'seeks to add a new ground for relief,' or if it 'attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.'") (citation omitted) (emphasis in original).

[43] Doc. 96.

[44] *Trottie v. Stephens*, 581 F. App'x 436, 439 (5th Cir. 2014).

expand on the record of the state court that adjudicated the claim.[45]  Section 2254(e) bars district courts from conducting an evidentiary hearing when reviewing habeas petitions unless they rely on (1) new rules of constitutional law made retroactive by the Supreme Court or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence."[46]  McGee's request does not fall into either of these categories.

Further, because the Court denies McGee's Rule 60(b) motions, his request for an evidentiary hearing is **DENIED** as moot.

### III. Conclusion

McGee's Rule 60(b) motions are **DENIED** as meritless as to the procedurally defaulted ineffective assistance of counsel and prosecutorial misconduct claims. With respect to the claims that were denied on the merits, the Rule 60(b) motions are successive § 2254 motions in disguise, and, as such, are **DISMISSED WITHOUT PREJUDICE** to McGee's ability to seek leave to file a successive application from the United States Court of Appeals for the Fifth Circuit.[47]  (Docs. 87, 93).  The Court **FINDS MOOT** McGee's motion for an evidentiary hearing because the underlying claims are denied.  (Doc. 94).

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES A CERTIFICATE OF APPEALABILITY**.  In light of the rulings in this case, the

---

[45] *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011); *see also* Doc. 66 at 8.

[46] 28 U.S.C. § 2254(e)(2).

[47] *See* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 2255(h).

Court concludes that McGee has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."[48]

The Court **INSTRUCTS** the Clerk to reopen and then close this case for statistical purposes.

**IT IS SO ORDERED** this 2nd day of January, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[48] *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).